Larry D. Vaught, Judge, dissenting. hsl dissent from the substituted opinion on the petition for rehearing. Based on our standard of review, I would affirm the circuit court’s order,. The majority briefly states the standard of review in child-custody eases. I will elaborate. We-have traditionally reviewed matters that sounded in equity de novo on the record with respect to factual questions and legal questions. Hollandsworth v. Knyzewski, 353 Ark. 470, 475, 109 S.W.3d 653, 656 (2003). We have stated repeatedly that we will not reverse a finding by a circuit court in an equity case unless it was clearly erroneous. Id., 109 S.W.3d at 656. Further, we give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. Geren Williams v. Geren, 2015 Ark. App. 197, at 9-10, 458 S.W.3d 759, 766. This deference is even greater in cases involving child custody, as a heavier burden is placed on the trial judge to fully use his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. Id. at 10, 458 S.W.3d at 766. De novo review does not mean that the findings of fact of the circuit judge are dismissed out of hand and that the appellate court becomes the surrogate circuit judge. Stehle v. Zimmerebner, 375 Ark. 446, 455-56, 291 S.W.3d 573, 580 (2009). What it does mean is that a complete review of the evidence and record may take place as part of the appellate review to determine whether the trial court clearly erred in either making a finding of fact or in failing to do so. Id. at 456, 291 S.W.3d at 580. In an eleven-page fifty-six-paragraph order, the circuit court made detailed factual findings, from its “superior position” to evaluate the witnesses and the best interest of B.C. |iaand explained why Shannon had primary custody of him. Accordingly, it proceeded to apply the Hollandsworth factors, and it found that relocation was in B.C.’s best interest. In reversing the circuit court’s order, the majority did not address any of these findings, much less explain why those findings were clearly erroneous. In one paragraph of a fifteen-page opinion, the majority simply cherry-picks a small portion of the testimony and independently weighs it in a way that supports its preferred outcome. This was hardly an appropriate application of our required standard of review. The majority simply “dismissed out of hand” the circuit court’s findings of fact and acted as the “surrogate trial judge.” Stehle, 375 Ark. at 455-56, 291 S.W.3d at 580. Based on Singletary v. Singletary, 2013 Ark. 506, 431 S.W.3d 234, and Jones v. Jones, 2015 Ark. App. 468, 469 S.W.3d 402, the circuit court considered the language of the parties’ divorce decree and found it ambiguous. Then, based on Singletary and Jones, the circuit court looked to the conduct of the parties and their testimony about what they had intended the custody arrangement to be. In doing so, the court found that (1) Nathan had custody of B.C. 42.9 percent of the time, which was not a 50/50 split between the parties; (2) Nathan was ordered to pay child support; (3) Nathan’s understanding of the phrase “primary physical custody” meant that Shannon had the final say on matters and that she had one more day per week with B.C. than Nathan did; (4) Shannon enrolled B.C. in private school and paid for it; (5) Shannon bought the majority of B.C.’s clothes; (6) Shannon paid for B.C.’s haircuts; and (7) Shannon took B.C. to all of his doctor’s | ^appointments. Based on these findings, the circuit court found that the parties did not share joint custody of B.C.[1] In reversing this finding, the majority ignores the findings made by the circuit court and its superior position to evaluate the witnesses. Rather than explain any clear error in the circuit court’s findings, the majority makes new findings and weighs them in favor of Nathan. While we might have decided this case differently had it been tried to us, our role on appellate review is not to retry a case. As appellate judges, we are permitted to review, under appropriate standards, but not retry, cases that come before us. We do not make findings of fact. We do not determine the credibility of witnesses. Such findings and determinations are rightly made by our circuit courts. See Harrison v. Harrison, 102 Ark. App. 131, 139, 287 S.W.3d 601, 608 (2008). The circuit court made substantial findings of fact to support its decision. These findings have a firm basis in the evidence and are not clearly erroneous. Accordingly, our standard of review dictates that we affirm the circuit court’s finding that the parties did not share joint custody.[2] Abramson, Klappenbach, and Whiteaker, JJ., join in this dissent. . On de novo review, additional evidence supports the circuit court’s finding. Shannon testified that she had custody of B.C. 60 percent of the time in 2014 and 2015. Nathan filed a motion for joint custody, and at trial testified, “I would have loved to have equal custody.” . The significance of the standard of review is demonstrated in our holdings in Singletary and Jones, the cases on which the majority relies. In those cases, we affirmed the circuit courts’ findings of joint custody. In fact-intensive cases like the instant case, our standard of review — -in which we give due deference to the circuit court to fully use its powers of perception in evaluating witnesses, their testimony, and the best interest of the child— makes all the difference.